IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 4:11cv655 |
| **JAMES G. TEMME, and**<br>**STEWARDSHIP FUND, LP,** | : | |
| Defendants, | : | |

### AGREED ORDER APPOINTING RECEIVER OVER
### STEWARDSHIP FUND, LP AND RELATED ENTITIES

This matter came on before me, this 28th day of October, 2011, on the application of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a Receiver for Defendant Stewardship Fund, LP ("Stewardship Fund").

On October 14, 2011, the Court entered a temporary restraining order that, among other things, froze Stewardship Fund's assets and set a hearing to occur on October 27, 2011 at 2:00 p.m. to consider Plaintiff's motion for preliminary injunction and the appointment of a Receiver. By agreement of the defendants in this matter, the temporary restraining order was extended until 5:00 p.m. on November 3, 2011, with a hearing to be conducted on the Commission's motion for preliminary injunctions to be heard at 10:00 a.m. on November 3, 2011.

On October 26, 2011, Plaintiff and Stewardship Fund filed an agreed motion for the appointment of a receiver over Stewardship Fund and related entities, including Stewardship Group LLC, Destiny Fund LP, Stewardship Management LP, and any entity those entities directly or indirectly control (referred to collectively, for purposes of this Order, as the Stewardship Fund Entities").

In contemplation of a full accounting of disposition of assets held or controlled by the Stewardship Fund Entities, assessment of optimal treatment of those assets for the eventual return of assets of investors, including those that may have been harmed by the misconduct alleged in the Complaint, it appears that this Order is both necessary and appropriate in order to provide for the assessment and disposition, if appropriate, of the assets, prevent waste and dissipation of the assets of the Stewardship Fund Entities to the detriment of investors, and where necessary, to operate the Stewardship Fund Entities' assets and any of Stewardship Fund Entities' legitimate business, and otherwise work to protect the interests of affected investors and others, pending further order of the Court.

IT IS THEREFORE ORDERED that:

1. This Court assumes exclusive jurisdiction and takes possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to the entities), of the Stewardship Fund Entities as defined in this Order ("Receivership Assets"), and the books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the Stewardship Fund Entities, or issued by Stewardship Fund Entities and in possession of any agent or employee of the Stewardship Fund Entities ("Receivership Records").

2. Keith Miles Aurzada, Bryan Cave LLP, JP Morgan Chase Tower, 2200 Ross Avenue, Suite 3300, Dallas, Texas 75201; (214) 721-8000; (214) 721-8100 (facsimile), is hereby appointed Receiver for the Receivership Assets and Receivership Records (collectively, "Receivership Estate"), with the full power of an equity receiver under common law as well as

such powers as are enumerated herein as of the date of this Order.  The Receiver shall not be required to post a bond unless directed by the Court but is hereby ordered to well and faithfully perform the duties of his office, to timely account for all monies, securities, and other properties which may come into his hands, and to abide by and perform all duties set forth in this Order.  Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, or of any Stewardship Fund Entity and their clients, associates, subsidiaries, affiliates, officers, directors, agents, or employees, or by any of their creditors or equity holders because of any act performed or not performed by him or his agents or assigns in connection with the discharge of his duties and responsibilities hereunder.

3.	The duties of the Receiver shall be specifically limited to matters relating to the Receivership Estate and unsettled claims thereof remaining in the possession of the Receiver as of the date of this Order.  Nothing in this Order shall be construed to require further investigation of Receivership Estate assets heretofore liquidated and/or distributed or claims of the Receivership Estate settled prior to issuance of this Order.  However, this paragraph shall not be construed to limit the powers of the Receiver in any regard with respect to transactions that may have occurred prior to the date of this Order.

4.	Until the expiration date of this Order or further Order of this Court, the Receiver is authorized to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate.

5.	As of the entry of this Order, the Receiver is specifically directed and authorized to perform the following duties:

  (a) Maintain full control of the Receivership Estate with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, member, director, independent contractor, employee, or agent of the Receivership Estate;

  (b) Collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated, the income and profit therefrom and all sums of money now or hereafter due or owing to the Receivership Estate with full power to collect, receive, and take possession of, without limitation, all goods, chattel, rights, credits, monies, effects, lands, leases, books and records, work papers, records of account, including computer maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate;

  (c) Institute such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate.  All such actions shall be filed in this Court;

  (d) Obtain, by presentation of this Order, documents, books, records, accounts, deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate.  The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

(e) Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of, Receivership Estate assets or records;

(f) Make such ordinary and necessary payments, distributions, and disbursements from the Receivership Estate as the Receiver deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Estate.  Receiver is further authorized to contract and negotiate with any claimants against the Receivership Estate (including, without limitation, creditors) for the purpose of compromising or settling any claim.  To this purpose, in those instances in which Receivership Estate assets serve as collateral to secured creditors, the Receiver has the authority to surrender such assets to secured creditors, conditional upon the waiver of any deficiency of collateral;

(g) Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Estate;

(h) Enter into such agreements in connection with the administration of the Receivership Estate, including, but not limited to, the employment of such managers, agents, custodians, consultants, investigators, attorneys, and accountants as Receiver judges necessary to perform the duties set forth in this Order and to compensate them from the Receivership Assets;

(i) Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve the value of the Receivership Estate, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order and likewise to defend,

compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Receivership Estate that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

(j) Preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants;

(k) Promptly provide the United States Securities and Exchange Commission and other governmental agencies with all information and documentation they may seek in connection with their regulatory, investigatory or prosecutorial activities;

(l) Prepare and submit periodic reports to this Court and to the parties as directed by this Court; and

(m) File with this Court requests for approval of reasonable fees to be paid to the Receiver and any person or entity retained by him and interim and final accountings for any reasonable expenses incurred and paid pursuant to order of this Court. Such fees and expenses shall be paid, if approved by the Court, from the Receivership Estate.

6. Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Estate assets or records.

7. Any and all civil actions or other proceedings against the Stewardship Fund Entities are hereby stayed. Any person or entity wishing to continue to pursue or initiate a civil action or other proceeding against the Stewardship Fund Entities may do so only after obtaining permission from this Court to do so. Any claim or suit that seeks recovery from Receivership Assets, or that is hereinafter filed against the Stewardship Fund Entities, or the Receiver, shall be

filed in this Court. This provision shall not apply to any criminal proceedings against the Stewardship Fund Entities.

8. Creditors and all other persons are hereby restrained and enjoined from the following actions, except in this Court, unless this Court, consistent with general equitable principals and in accordance with its ancillary equitable jurisdiction in this matter, orders that such actions may be conducted in another forum or jurisdiction:

(a) The commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of this civil action; or

(b) The enforcement, against the Receiver, or any of the Stewardship Fund Entities, of any judgment that would attach to or encumber the Receivership Estate that was obtained before the commencement of this proceeding.

9. Creditors and all other persons are hereby restrained and enjoined, without prior approval of the Court, from:

(a) Any act to obtain possession of the Receivership Estate assets;

(b) Any act to create, perfect, or enforce any lien against the property of the Receiver, or the Receivership Estate;

(c) Any act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate; or

(d) The set off of any debt owed by the Receivership Estate or secured by the Receivership Estate assets based on any claim against the Receiver or the Receivership Estate.

10. The Stewardship Fund Entities, their respective officers, agents, and employees and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, including, but not limited to, any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm, and each of them, are hereby ordered, restrained, and enjoined from, directly or indirectly, making any payment or expenditure of any Receivership Estate assets that are owned by Stewardship Fund Entities or in the actual or constructive possession of any entity directly or indirectly owned or controlled or under common control with the Receivership Estate, or effecting any sale, gift, hypothecation, assignment, transfer, conveyance, encumbrance, disbursement, dissipation, or concealment of such assets. A copy of this Order may be served on any bank, savings and loan, broker-dealer, or any other financial or depository institution to restrain and enjoin any such institution from disbursing any of the Receivership Estate assets. Upon presentment of this Order, all persons, including financial institutions, shall provide account-balance information, transaction histories, all account records and any other Receivership Records to the Receiver or his agents and to Commission counsel, in the same manner as they would be provided were the Receiver the signatory on the account.

11. The Receiver is hereby directed to file with this Court and serve upon the parties, within 60 days after entry of this Order, a preliminary report setting out, to the extent known, the identity, location, and value of the Receivership Assets, and any liabilities pertaining thereto. Further, at the time the Receiver makes such report, he shall recommend to the Court whether, in his opinion, based on his initial investigation, how the receivership estate may best be maximized, including, without limitation, whether, and, if so, to what extent, the receivership should continue or whether creditor claims against Defendants should be adjudged in the

Bankruptcy Court. After providing the parties an opportunity to be heard, this Court will determine whether to accept the Receiver's recommendation and, if appropriate, issue an order authorizing the Receiver to commence a bankruptcy proceeding or take other appropriate action. Pending the issuance of any such further order, the terms of this Order remain in effect.

12. The Stewardship Fund Entities, and their respective agents, officers, and employees and all persons in active concert or participation with them are hereby enjoined from doing any act or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate, including the filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

13. The Stewardship Fund Entities, their respective officers, agents, and employees and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm, and each of them shall:

(a) To the extent they have possession, custody, or control of same, provide immediate access to and control and possession of the Receivership Estate assets and records, including securities, monies, and property of any kind, real and personal, including all keys, passwords, entry codes, and all monies deposited in any bank deposited to the credit of the Stewardship Fund Entities, wherever situated, and the original of all books, records, documents, accounts, computer printouts, disks, and the like of the Stewardship Fund Entities to Receiver or his duly authorized agents;

(b) Cooperate with the Receiver and his duly authorized agents by promptly and honestly responding to all requests for information regarding Receivership Assets and Records and by promptly acknowledging to third parties the Receiver's authority to act on behalf of the Receivership Estate and by providing such authorizations, signatures, releases, attestations, and access as the Receiver or his duly authorized agents may reasonably request;

(c) Provide the Receiver and the Commission with a prompt, full accounting of all Receivership Estate assets and documents outside the territory of the United States which are held either: (1) by them, (2) for their benefit, or (3) under their control;

(d) Transfer to the territory of the United States all Receivership Estate assets and records in foreign countries held either: (1) by them, (2) for their benefit, or (3) under their control; and

(e) Hold and retain all such repatriated Receivership Estate assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets or documents, until such time as they may be transferred into the possession of the Receiver.

14. Any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm or person that holds, controls, or maintains accounts or assets of or on behalf of any Stewardship Fund Entity, or has held, controlled, or maintained any account or asset of or on behalf of any Defendant since January 1, 2007, shall:

    (a) Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, gift, or other disposal of any of the assets, funds, or other property held by or on behalf of any Stewardship Fund Entity in any account maintained in the name of or for the benefit of any Stewardship Fund Entity in whole or in part except:

        (i) as directed by further order of this Court, or

        (ii) as directed in writing by the Receiver or his agents;

    (b) Deny access to any safe deposit boxes that are subject to access by any Stewardship Fund Entity; and

    (c) The Receiver may obtain, by presentation of this Order, documents, books, records, accounts, deposits, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled by the Receiver in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

15. The Stewardship Fund Entities, their officers, agents, and employees and all persons in active concert or participation with them and other persons who have notice of this

Order by personal service or otherwise, are hereby restrained and enjoined from destroying, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind that relate in any way to the Receivership Estate or are relevant to this action.

16. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to the Stewardship Fund Entities, or any company or entity under the direction and control of the Defendants, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

17. Nothing in this Order shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Defendants their agents, officers, or employees.

**SIGNED this 28th day of October, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE