IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 4:11-cv-655 |
| | § | (Judge Clark/Judge Mazzant) |
| **JAMES G. TEMME and STEWARDSHIP FUND, LP,** | § § § | |
| *Defendants*. | § § | |

## ORDER

Before the court are Receiver's Motion to Approve Settlement, for Entry of Bar Order and Injunction (collectively, the "Settlement Motion"), and to Allow and Pay Professional Fees (the "Motion for Fees," and together with the Settlement Motion, the "Motions") [Doc. #152]. The court, having considered the Motions, the evidence, any responsive briefing, the arguments of counsel, and the relevant legal principles, hereby orders that the Motions are GRANTED as follows:

**I.     DEFINITIONS.**

1. For purposes of this Order, the following terms shall have the following meanings:

    (a)  The term "<u>MCS Parties</u>" refers to MC Smith Realty, LLC, MCS Small Cap Fund I, LP ("<u>MCS Small Cap</u>"), MCS Stewardship No. 2 Invest, LP ("<u>MCS 2 LP</u>"), and MCS Stewardship No. 3 Invest, LP ("<u>MCS 3 LP</u>").

    (b)  The term "<u>Receivership Orders</u>" refers to the following orders entered by the court in the above-styled action (the "<u>SEC Matter</u>"):  (1) Agreed Order Appointing Receiver over Entities Under Control of James G. Temme entered October 28, 2011 [Doc. #24]; (2) Agreed Order Appointing Receiver over Stewardship Fund, LP and Related Entities entered October 28, 2011 [Doc. #25];

(c)  and (3) Order Appointing Receiver over James G. Temme dated November 3, 2011 [Doc. #30].

(c)  The term "Receiver" refers to Keith Aurzada, solely in his capacity as court-appointed Receiver in the SEC Matter pursuant to the Receivership Orders over the following parties: (1) James G. Temme ("Temme"), and any entity Temme owns or controls, directly or indirectly, including without limitation Stewardship Advisors, LLC, Stewardship Advisors, LP, and Stewardship Asset Management Genpar I, LLC, and all of the entities they own or control; and (2) Stewardship Fund, LP ("Stewardship Fund," and together with Temme, the "Receivership Entities"), and all entities directly or indirectly controlled by Stewardship Fund, LP.

(d)  The term "Settlement Agreement" refers to the Compromise & Settlement Agreement by and between the Receiver and the MCS Parties, a true and correct copy of which was included as Exhibit A in the Appendix in Support of the Motions.

(e)  The term "Stewardship Investment Plan" refers to the various investment plans arranged, executed, or orchestrated by Temme or Stewardship Fund calling for investments into the Receivership Entities.

(f)  The term "Stewardship Creditors" refers to any creditors of any Receivership Entity, including any investor (and their heirs, successors, agents and assigns) who invested in any Stewardship Investment Plan.

## II. SETTLEMENT MOTION.

2.  On October 24, 2012, the Receiver filed the Settlement Motion seeking: (i) a determination that the proposed settlement between the Receiver and the MCS Parties be deemed fair, equitable, reasonable, and in the best interests of the Receivership Entities and, thus be approved by the court; and (ii) seeking the entry of an order, as a condition of the proposed settlement, permanently barring or enjoining any and all Stewardship Creditors from commencing or continuing any judicial, administrative, arbitration, or other proceeding, and from asserting or prosecuting any claims or causes of action against any of the MCS Parties and certain persons and entities affiliated with the MCS Parties arising out of, in connection with, or relating in any way to the Stewardship Investment Plan, the investments made in any

Receivership Entity by the Stewardship Creditors, and any transfers received by the MCS Parties, directly or indirectly, from the Receivership Entities.

    3.    The Receiver provided due and proper notice of the Settlement Motion, the proposed settlement, and any hearing on the Settlement Motion to all interested persons, and the court has considered the papers filed and arguments made by the Receiver in support of his Settlement Motion, and any objections to the Motion, and such other and further evidence as has been presented to the court.

    4.    It is therefore ORDERED that:

(a)    the Settlement Motion is GRANTED;

(b)    The Settlement Agreement between the Receiver and the MCS Parties is hereby APPROVED; and

(c)    Any and all of the Stewardship Creditors are hereby permanently BARRED, RESTRAINED, and ENJOINED, consistent with general equitable principles and in accordance with this court's ancillary equitable jurisdiction in the SEC Matter, from commencing or continuing any judicial, administrative, arbitration, or other proceeding and asserting or prosecuting any claims and causes of action against any of the MCS Parties or their respective past, present, and future agents, officers, directors, employees, heirs, beneficiaries, representatives, managers, relations by blood and marriage, affiliates, predecessors, successors, assigns, and related entities, including their current or former general partners and limited partners, arising out of, in connection with, or relating in any way to the Stewardship Investment Plan, the investments made in any Receivership Entity by the Stewardship Creditors, or any transfers received by the MCS Parties from any of the Receivership Entities.

    5.    Neither the MCS Parties' settlement with the Receiver, nor any of the terms or provisions of the Settlement Agreement, nor any of the negotiations or proceedings in connection with the settlement, nor any of the documents or statements referred to therein shall be construed as or deemed in any judicial, administrative, arbitration or other type of proceeding to be evidence of a presumption, concession, or an admission by the MCS Parties of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be

asserted in the SEC Matter, or in any other judicial, administrative, arbitration or other proceeding.

### III. MOTION FOR FEES.

6. On October 24, 2012, the Receiver filed the Motion for Fees respectfully requesting that the court approve the payment of professional fees to the law firm of Goldfarb LLP, which the Receiver retained in connection with pursuing claims in accordance with his rights, duties, and powers conferred by the court in the Receivership Orders. *See* Receivership Orders at ¶¶ 5(h)-(i) [Docs. #24, #25, #30].

7. The Receiver engaged Goldfarb LLP agreeing that, if the Receiver's potential claims or causes of action against the MCS Parties is settled or resolved prior to the filing of a complaint, then Goldfarb LLP shall be entitled to the payment of 25% of all amounts or consideration recovered by the Receiver from the MCS Parties. The Receiver and Goldfarb LLP also agreed that the Receiver would reimburse Goldfarb LLP for the expenses incurred in connection with pursuing recovery for the Receiver against the MCS Parties.

8. Under the Settlement Agreement, the MCS Parties agreed to pay the Receiver, for the benefit of the Receivership Entities, $1,335,000.00 (the "Settlement Payment") upon this court's entry of a final, non-appealable order (as defined in the Settlement Agreement) approving the Settlement Agreement. The MCS Parties have already deposited into escrow the Settlement Payment.

9. Goldfarb LLP has provided fair value and consideration to the Receivership Entities through the provision of legal services performed in connection with obtaining the Settlement Payment by the MCS Parties, which results in the net recovery of a fraction less than $1 million dollars by the Receiver for the benefit of the Receivership Entities and the

Stewardship Investors, and in accordance with the Receiver's rights, duties, and powers conferred by the court in the Receivership Orders. *See* Receivership Orders at ¶¶ 5(h)-(i) [Docs. #24, #25, #30].

      10.    The Receiver provided due and proper notice of the Motion for Fees and any hearing on the Motion for Fees to all interested persons, and the court has considered the papers filed and arguments made by the Receiver in support of his Motion for Fees, and any objections to the Motion for Fees, and such other and further evidence as has been presented to the court.

      11.    It is therefore ORDERED that:

(a)    the Motion for Fees is GRANTED;

(b)    The court APPROVES the payment of attorney's fees by the Receiver to Goldfarb LLP in the amount of $333,750.00, which equals 25% of the Settlement Payment, pursuant to the agreement between the Receiver and Goldfarb LLP, which may be paid by the Receiver after receipt of the Settlement Payment; and

(c)    The court APPROVES the reimbursement of expenses by the Receiver to Goldfarb LLP in the amount of $210.57, which may be paid by the Receiver after receipt of the Settlement Payment.

      12.    The rights of the Stewardship Investors to participate in the claims process for the Receiver's ultimate plan of distribution for the Receivership Entities shall not be impaired by this Order.

      13.    The court shall have and retain jurisdiction over all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the Settlement Agreement, and any related disputes.

14. The Clerk of Court shall promptly serve copies of this Order upon all parties to the SEC Matter.

IT IS SO ORDERED.

So **ORDERED** and **SIGNED** this **21** day of **November, 2012.**

_____
Ron Clark, United States District Judge