IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** § | |
| **Plaintiff,** § | |
| § | |
| § | |
| § | Civil Action No. 4:11-cv-655 |
| § | |
| **v.** § | |
| § | |
| **JAMES G. TEMME, and** § | |
| **STEWARDSHIP FUND, LP,** | |
| **Defendants.** | |

### ORDER GRANTING RECEIVER'S MOTION FOR AUTHORITY TO ABANDON ASSETS, CLOSE RECEIVERSHIP, AND DESTROY RECORDS

Came for consideration the Receiver's Motion for Authority to Abandon Assets, Close Receivership, and Destroy Records (the "**Motion**" - Dkt. #403) filed by Keith M. Aurzada as receiver (the "Receiver") for James G. Temme, Stewardship Fund, LP, and all other entities directly or indirectly controlled by James G. Temme or Stewardship Fund, LP, including, but not limited to, Stewardship Advisors, LLC, d/b/a Stewardship Advisors, LP, Stewardship Asset Management Genpar I, LLC, Stewardship Group, LLC, Destiny Fund, LP, and Stewardship Management, LP (collectively, the "Defendants"). Based upon a review of the Motion, and the pleadings on file, the Court finds and concludes that (a) the relief requested in the Motion is in the best interests of the Receiver and his receivership estates; (b) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and (c) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion. Therefore, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**; and

2. The Receiver is authorized to abandon any assets of the Estate excluding: (i) the right to collect funds due under the settlement agreement with Halo; and (ii) the right to collect funds due under the settlement agreement with American Equity Funding.

3. The Receiver is granted authority to pay all outstanding administrative costs of the Estate and distribute all remaining funds to investors pursuant to the procedures set forth in the Interim Distribution Plan and Claims Bar Date Order (Dkt. #366).

4. The Receiver is directed to file a Notice of Final Distribution within ten (10) days of making the Final Distribution.

5. The Receiver is directed to file a Final Receivership Report on or before December 31, 2016.[1]

6. As of the date of the filing of the Final Receivership Report, the Court will consider the Estate administratively closed (except for the obligations contained in this Order) and the Receiver will be relieved of all duties and obligations imposed by the Agreed Order Appointing Receiver Over Entities Under Control of James G. Temme (Dkt. #24), Agreed Order Appointing Receiver Over Stewardship Fund, LP, and Related Entities (Dkt. #25), and Order Appointing Receiver Over James Temme (Dkt. #30).

7. The Receiver is directed to maintain records of the Estate for 90 days beyond the close of the Estate.

8. After 90 days beyond the close of the Estate, the Receiver is authorized to turn over to the SEC or destroy all records of the Estate (or turn over to Temme any personal effects, with the consent of the SEC) in his sole discretion.

---

[1] In the unlikely event that any assets are recovered after December 31, 2016, the Receiver may file a motion to re-open the Estate solely for the purpose of distributing the recovered funds.

9. Within a reasonable time after this Order is entered, the Receiver shall post this Order on www.stewardshipfundreceivership.com.

**SIGNED this 12th day of December, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE